J-A12021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GERALDINE KAHL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SUSAN FORD | : | |
| | : | |
| Appellant | : | No. 1594 WDA 2019 |

Appeal from the Judgment Entered October 1, 2019
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR-18-4076

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED AUGUST 24, 2020**

Appellant, Susan Ford, appeals from the judgment entered in the

Allegheny County Court of Common Pleas, in favor of Appellee, Geraldine Kahl,

in this negligence action for damages to Appellee's property. We affirm.

In its opinion, the trial court accurately set forth the relevant facts of

this case as follows:

> [Appellee] Ms. Kahl is the owner-occupant of the dwelling
> located at 30 Enon Way in the Southside neighborhood of
> the City of Pittsburgh. [Appellant] Ms. Ford is the owner-
> landlord of the dwelling located at 32 Enon Way, which is
> next to Ms. Kahl's home. Both dwellings are in a Residential
> Single-Unit, Very High Density zoning district. Ms. Ford's lot
> is only twenty-four feet wide and fifty-five feet deep.
>
> To attract tenants, Ms. Ford advertised that her home has
> two off-street parking spots. The area Ms. Ford designated
> for the tenant parking spots is less than eight feet in width

_____

[*] Retired Senior Judge assigned to the Superior Court.

and abuts the boundary line of Ms. Kahl's lot. There is a fence along most of Ms. Kahl's lot, except for a front patio area.

Ms. Ford attached a plastic pipe to the bottom of Ms. Kahl's fence, and the pipe discharges rainwater from Ms. Ford's property [onto] Ms. Kahl's front patio. Discharge of the water caused the bricks that make up the surface of the patio to loosen.

Further damage to the patio occurred when cars driven by Ms. Ford's tenants struck the patio due to the parking area's narrowness. The brick patio's wooden border was dislodged by a car being driven by one of Ms. Ford's tenants. When Ms. Ford attempted to replace the wooden border with pieces of broken concrete, Ms. Kahl told her they would not hold up. Ms. Ford said to call her if the repair did not work. But, when the repair failed and Ms. Kahl called, Ms. Ford took no further action to repair the damage.

Ms. Kahl obtained three estimates for repairing the damage to her patio, with the average of them being $476.00.

(Trial Court Opinion, filed December 19, 2019, at 1-2) (internal citations and footnote omitted).

Procedurally, on August 28, 2018, Ms. Kahl filed a complaint in the magisterial district court against Ms. Ford. The magistrate ruled in favor of Ms. Kahl on October 17, 2018, and awarded her $476.00, plus costs. Ms. Ford timely appealed, and Ms. Kahl filed a complaint in the Court of Common Pleas on November 19, 2018. The case proceeded to arbitration, and on January 28, 2019, the arbitration board entered an award of $476.00 in favor of Ms. Kahl. On February 21, 2019, Ms. Ford filed a timely appeal for a trial *de novo*.

On September 9, 2019, the court held a bench trial. Ms. Kahl testified at trial that Ms. Ford attached a plastic drainpipe to Ms. Kahl's fence. Ms. Kahl

complained that the pipe Ms. Ford installed drains rainwater onto Ms. Kahl's property and caused the bricks of Ms. Kahl's patio to loosen. Additionally, Ms. Kahl said that Ms. Ford allowed her tenants to park illegally[1] in Ms. Ford's side yard, which abuts Ms. Kahl's property. Ms. Kahl claimed Ms. Ford's side yard is too narrow a space to park because it is only 7¾ feet wide, and Ms. Ford's tenants struck Ms. Kahl's patio with their vehicles several times. Ms. Kahl obtained three estimates for the cost to repair the damage to her patio, the average of which was $476.00. (**See** N.T. Trial, 9/9/19, at 4-10).

Ms. Ford presented no testimony/evidence in her defense. Instead, defense counsel merely argued that Ms. Kahl failed to prove causation where Ms. Ford cannot be held liable for the actions of her tenants. (**Id.** at 10).

On September 20, 2019, the court entered a verdict in favor of Ms. Kahl for $476.00, plus costs, totaling $576.08. Ms. Ford timely filed a post-trial motion on September 26, 2019. On October 1, 2019, the court denied the post-trial motion and entered judgment on the verdict. Ms. Ford timely filed a notice of appeal on October 23, 2019. The next day, the court ordered Ms. Ford to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Ms. Ford timely complied on November 7, 2019.

---

[1] The record contains a June 8, 2017 decision from the City of Pittsburgh Zoning Board denying Ms. Ford's request for a variance to permit parking on the side yard abutting Ms. Kahl's property. The record also contains a December 14, 2017 decision from the Court of Common Pleas, denying Ms. Ford's appeal and affirming the Zoning Board's denial of Ms. Ford's request for a variance.

Ms. Ford raises one issue for our review:

> Whether pursuant to Restatement (Second) of Torts § 379A (1965) a landlord is responsible for actions of a tenant(s) driving a vehicle into a neighbor's patio?

(Ms. Ford's Brief at 4).

This Court's scope and standard of review on appeal following a bench trial is well-settled:

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue…concerns a question of law, our scope of review is plenary. The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

**_Milby v. Pote_**, 189 A.3d 1065, 1075 (Pa.Super. 2018), _appeal denied_, ____ Pa. ____, 199 A.3d 340 (2018). Additionally:

> In a non-jury trial, the factfinder is free to believe all, part, or none of the evidence, and the Superior Court will not disturb the trial court's credibility determinations. Assessments of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our judgments for those of the factfinder. The test is not whether this Court would have reached the same result on the evidence presented, but rather, after due consideration of the evidence the trial court found credible,

whether the trial court could have reasonably reached its conclusion.

***Gutteridge v. J3 Energy Grp., Inc.***, 165 A.3d 908, 916 (Pa.Super. 2017) (*en banc*) (internal citations and quotation marks omitted).

On appeal, Ms. Ford argues that the court's reliance on the Restatement (Second) of Torts, § 379A, as a basis to hold Ms. Ford liable was improper.[2] Ms. Ford asserts that Section 379A (pertaining to activities after lessor transfers possession) does not impose liability on a landlord for damage to a neighbor's property caused by a tenant's vehicle. Ms. Ford submits that Section 379A applies only to situations where a landlord creates an unreasonable risk of harm to a neighbor. Ms. Ford also stresses that Section 379A imputes liability onto a landlord only where damage occurs to persons, not property. Ms. Ford insists that the trial court's interpretation of the Restatement was overbroad and opens the door for landlords to be held responsible for any actions of their tenants, which is contrary to the law and violates public policy.

As well, Ms. Ford contends the trial court's citation in its Rule 1925(a) opinion to Standard Jury Instruction 18.110, was improper. Ms. Ford maintains that this jury instruction relates to unreasonably dangerous conditions on land. Ms. Ford claims this case did not involve any unreasonably

_____

[2] The trial court cited to this section of the Restatement in its Rule 1925(a) opinion.

dangerous conditions on her land. Rather, Ms. Ford submits her tenants' negligent operation of their vehicle(s) caused damage to Ms. Kahl's patio. In sum, Ms. Ford concludes that the Restatement (Second) of Torts Section 379A and the Jury Instruction 18.110, on which the trial court relied, do not extend liability to a landlord for the independent negligent actions of a tenant. Ms. Ford concludes the trial court's judgment in favor of Ms. Kahl was improper, and this Court must reverse. We disagree.

Preliminarily, we observe that Ms. Ford challenges only her liability for the damage caused to Ms. Kahl's patio by the vehicles driven by Ms. Ford's tenants. Significantly, Ms. Ford completely ignores that the court also found Ms. Ford liable for the damage to Ms. Kahl's property caused by the plastic pipe Ms. Ford installed which drained rainwater onto Ms. Kahl's property and loosed the bricks on Ms. Kahl's patio. (**See** Trial Court Opinion at 2) (stating: "Based on credible testimony from Ms. Kahl, Ms. Ford discharging water [onto] the patio from the plastic pipe and designating an extremely narrow area for off-street parking pose an unreasonable risk of harm to Ms. Kahl's property. Therefore, my verdict is correct because there is evidence of negligence by Ms. Ford"). Ms. Ford made no argument at trial concerning her lack of causation regarding the pipe she installed. Instead, Ms. Ford limited her argument to her lack of causation for the damage caused by the vehicles driven by her tenants.

Therefore, even if the court's finding of causation with respect to the

damage caused by the vehicles driven by Ms. Ford's tenants was incorrect, the court still had another basis for deciding Ms. Ford was liable for the damage to Ms. Kahl's property, which Ms. Ford does not dispute. As we cannot disrupt the court's credibility determination in favor of Ms. Kahl regarding Ms. Ford's installation of the pipe that drained rainwater onto her property and damaged her patio, we see no reason to disturb the court's verdict in favor of Ms. Kahl. **See Gutteridge, supra**; **Milby, supra**. Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2020